IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EDOH KOMLANVI, §
A#078765854, §
　　　　　　　　　　　§
　　　　　Petitioner, §
　　　　　　　　　　　§
v. 　　　　　　　　　§
　　　　　　　　　　　§　CIVIL ACTION NO. H-18-1058
JEFF SESSIONS, United States §
Attorney General, et al., §
　　　　　　　　　　　§
　　　　　Respondents. §

**MEMORANDUM OPINION AND ORDER**

　　　　The petitioner, Edoh Komlanvi, also known as Komlanvi Edoh (A#078765854), has filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), seeking release from detention by immigration officials. Now pending before the court is Respondents' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Respondents' Motion") (Docket Entry No. 6). The petitioner has not filed a response and his time to do so has expired. After considering all of the pleadings and the applicable law, the court will grant Respondents' Motion and dismiss this action for the reasons explained below.

## I. Background

The petitioner is a native and citizen of Togo, West Africa.[1] He was taken into custody by Immigration and Customs Enforcement ("ICE") on March 1, 2017, after serving an 11-year prison sentence in the Texas Department of Criminal Justice ("TDCJ").[2] Public records reflect that the petitioner received this sentence following a conviction for sexual assault. See Edoh v. State, 245 S.W.3d 606 (Tex. App. — Houston [1st Dist] 2007, no pet.). While in custody of TDCJ, the petitioner was ordered removed following a hearing before an immigration judge.[3] He has remained in ICE custody since his release from prison.

On April 4, 2018, the petitioner filed his Petition for habeas corpus relief under 28 U.S.C. § 2241, arguing that he is entitled to release from custody on the grounds that immigration officials have failed to effect his removal within a reasonable time.[4] The petitioner relies on Zadvydas v. Davis, 121 S. Ct. 2491 (2001), which requires an immigration detainee's release under certain circumstances, after the expiration of a presumptively reasonable

---

[1] Petition, Docket Entry No. 1, p. 3 ¶ 11.

[2] Id. at 3-4 ¶ 11.

[3] Id.; see also Declaration of Deportation Officer Christopher Bacchus ("Bacchus Declaration"), Docket Entry No. 6-1, p. 1.

[4] Petition, Docket Entry No. 1, pp. 4-5 ¶¶ 16-18.

six-month period of detention, where there is no prospect of removal in the foreseeable future.

Exhibits provided by petitioner reflect that his detention has been continued because of his criminal record.[5] The respondents have supplemented the record with information showing that officials are working with the Ambassador of Togo to procure a travel document for his removal.[6] Arguing that the petitioner's removal is foreseeable, the respondents maintain that his continued detention is not unreasonable or unconstitutional and that the Petition should be dismissed for failure to state a claim.[7]

## II.  **Standards of Review**

By Act of Congress, "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . . ." 28 U.S.C. § 2241(a). The writ of habeas corpus is available to an individual who can demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner seeks habeas relief on the grounds that his continued detention while awaiting removal violates due process.

---

[5]Decision to Continue Detention, Docket Entry No. 1, p. 20.

[6]Bacchus Declaration, Docket Entry No. 6-1, p. 1.

[7]Respondents' Motion, Docket Entry No. 6, pp. 4-9.

The respondents invoke both Rule 12(b)(1) of the Federal Rules of Civil Procedure, which authorizes dismissal for lack of subject matter jurisdiction, and Rule 12(b)(6), arguing that the petition fails to state a claim upon which relief may be granted. Motions to dismiss under Rule 12(b)(6) are appropriate where a complaint or petition fails to allege facts which, accepted as true, show that the pleader articulates a plausible claim for the relief sought. See, e.g., Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Although review under Rule 12(b)(6) is typically confined to the contents of the pleadings, a court may consider documents incorporated by reference into the complaint. See Tellabs Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007). A court may also consider documents attached to a motion to dismiss. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). The Fifth Circuit has clarified that "such consideration is limited to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003) (citing Collins, 224 F.3d at 498-99).

### III. Discussion

Once a removal order becomes final the Attorney General typically has 90 days to effect an alien's departure from the United States. 8 U.S.C. § 1231(a)(1); Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006). Aliens may be detained during the

removal period. See 8 U.S.C. § 1231(a)(2). If the alien is not promptly deported within the removal period, he may be eligible for supervised release until removal can be accomplished. See id. at § 1231(a)(3). An alien may be detained beyond the removal period if he is a risk to the community or he is unlikely to comply with the removal order if released. See id. at § 1231(a)(6).

In Zadvydas v. Davis, 121 S. Ct. 2491, 2504-05 (2001), the Supreme Court held that the Constitution does not permit indefinite detention lasting beyond six months past the 90-day removal period. After the expiration of six months, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" Id. at 2505. The alien bears the burden of proof in showing that no such likelihood of removal exists. Id. If the alien makes this showing, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." Id. Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in Zadvydas. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

The petitioner has not met his initial burden of showing that there is no significant likelihood of removal in the foreseeable future because exhibits attached to the Petition reflect that

immigration officials are working with the government of Togo to procure the necessary travel documents. The petitioner's continued detention is justified, moreover, by his criminal record. See 8 U.S.C. § 1231(a)(6). The petitioner has therefore failed to show that his continued detention violates the holding in Zadvydas or the Constitution. See Andrade, 459 F.3d at 543-44 (stating that conclusory statements are insufficient to meet an alien's burden of proof under Zadvydas or to demonstrate a constitutional violation in connection with his continued detention). Accordingly, the Petition will be denied and this action will be dismissed.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent's Motion to Dismiss (Docket Entry No. 6) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Edoh Komlanvi (Docket Entry No. 1) is **DENIED** and this action will be dismissed with prejudice.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 9th day of July, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE